**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-00637-REB-KLM

KING SOOPERS,

    Plaintiff,

v.

UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL NO. 7,

    Defendant.

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

**Blackburn, J.**

The matter before me is defendant's **Amended Motion for Attorney's Fees** [#44][1] filed April 1, 2010. I deny the motion.

The generally applicable "American Rule" provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." ***Alyeska Pipeline Service Co. v. Wilderness Society***, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); ***see also Federal Trade Commission v. Kuykendall***, 466 F.3d 1149, 1152 (10th Cir. 2006). Nevertheless, "[i]n certain rare circumstances, however, an exception to this rule is applied when a party opponent is found to have acted in bad faith, vexatiously, wantonly, or for oppressive reasons." ***Kuykendall***, 466 F.3d at 1152 (citation and internal quotation marks omitted). This exception, however, is

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

"exceedingly narrow" and is applicable only on the clearest showing that the claim "is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons." ***Id.*** (citation and internal quotation marks omitted). This test is conjunctive, requiring "clear evidence of *both* a complete lack of color *and* an improper purpose on the part of the [non-prevailing party]." ***Id.*** at 1153 (emphasis in original).

Similarly, attorney fees may be awarded as a sanction under 28 U.S.C. § 1927[2] to "target[] conduct that multiplies the proceedings, which, when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" ***Steinert v. Winn Group, Inc.***, 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting ***Niera v. Dairyland Insurance Co.***, 143 F.3d 1337, 1342 (10th Cir. 1998)). Here again, however, the court should resort to such sanctions "only in instances evidencing a serious . . . disregard for the orderly process of justice." ***Dreiling v. Peugeot Motors of America, Inc.***, 768 F.2d 1159, 1165 (10th Cir. 1985) (citation and internal quotation marks omitted).

After acknowledging these extraordinarily limited exceptions, defendant presents a scant two paragraphs of global and conclusory argument in support of its request for attorney fees, which amount to little more than a recognition of the unremarkable

---

[2] Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

conclusion that plaintiff lost its case. The fact that I ultimately found plaintiff's arguments unpersuasive, standing alone, provides no justification for a finding of bad faith sufficient to warrant an award of attorney fees. Moreover, defendant has wholly failed to substantiate its generic argument that plaintiff's conduct in this litigation vexatiously multiplied the proceedings in a manner sufficient to invoke section 1927 sanctions. *See Steinert*, 440 F.3d at 1224 (section 1927 "only applies to the multiplication of proceedings and not to the initiation of proceedings"). This reason alone is sufficient to deny the motion.

Moreover, and even if I were to find clear evidence of bad faith, defendant has failed to properly substantiate its request for attorney fees. The two affidavits submitted in support of its motion do not attach or reference any actual client invoices and/or billing records from which the lodestar calculations allegedly are drawn. I am neither required nor inclined to accept counsel's mere say-so that the total number of hours he expended in defending this matter was reasonable. Moreover, the fact that the amount of hours expended might be reasonable in general gives me no basis on which to properly conclude that any particular portion of that time was reasonably necessary. Thus, there is nothing in the record that would allow me to conclude that counsel exercised the type of billing judgment that must be part of the reasonableness calculation. *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (citation and internal quotation marks omitted: emphases in original). *See also Malloy v. Monahan*, 73 F.3d

1012, 1017-18 (10th Cir. 1996).

      **THEREFORE, IT IS ORDERED** that defendant's **Amended Motion for Attorney's Fees** [#44] filed April 1, 2010, is **DENIED**.

    Dated December 15, 2010, at Denver, Colorado.

                               **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge